**In the Matter of BALDWIN–UNITED CORPORATION, D.H. Baldwin Company, Debtors and Debtors in Possession.**

**Bankruptcy No. 1–83–02495.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Nov. 11, 1983.

Linda Smith, Robert White, Los Angeles, Cal., for debtors.

Debevoise & Plimpton, New York City, for creditors.

## ORDER RE: APPOINTMENT OF DEBEVOISE & PLIMPTON

RANDALL J. NEWSOME, Bankruptcy Judge.

These Chapter 11 cases are before the Court pursuant to the debtors' applications for orders authorizing the employment of the law firm of Debevoise & Plimpton, hereafter referred to as Debevoise.

The debtor has filed two separate applications seeking authority to employ Debevoise. The first application seeks to have the firm continue to represent the debtors in ongoing insurance rehabilitation and regulatory proceedings pending in various state insurance commissions. The firm would also continue to represent the debtors in an ongoing SEC investigation of the debtors, and would provide other services as the need arises.

The second application seeks to have Debevoise continue to represent certain nonmanagement directors of the debtors in their defense of certain security holders' class actions pending in the United States District Court for the Southern District of Ohio consolidated under the caption of *Stoller, et al v. Baldwin-United Corporation, et al*, Civil No. C–1–82–1438. The 74-page second amended and supplemental complaint in those consolidated cases sets forth claims of conspiracy and other misconduct involving each of the defendants separately and collectively, all in violation of various portions of the Securities Exchange Act of 1934, 15 U.S.C. § 78 et seq. and Rule 10b–5.

The cost of defending the nonmanagement directors is to be borne by the debtors under the conditions set forth in the corporate by-laws and pursuant to the corporation laws of the State of Delaware.

By way of an order dated October 3, 1983, this Court expressed concern over certain issues raised by these applications. The most serious of these issues concerns the potential conflict of interest arising from the dual representation of both the debtors and the nonmanagement directors, an issue which the Court felt duty-bound to raise *sua sponte*. See, *General Mill Supply Co. v. SCA Services, Inc.*, 697 F.2d 704, 711–712 (6th Cir.1982). The reason for the Court's concern is not difficult to fathom: while the interests of the *Stoller* defendants presently coincide with one another, it is within the realm of possibility that they may not coincide in the future. As discovery in the case progresses, and as pleadings are amended, certain of the defendants might feel the necessity to bring cross-claims against other defendants. Indeed, Baldwin-United might be required to file cross-claims against certain of the named individual defendants. Again, the Court at present has no reason to believe that any of the defendants have grounds for cross-claims against other defendants, but the aforementioned scenario is not unknown in securities litigation.

The concerns expressed in this Court's October 3 Order were discussed at the status conference held on October 17, 1983. Two of those concerns were dispelled at that time. Pursuant to the representations of counsel and officers of the debtor, the Court concluded that debtor's application to have Debevoise and Plimpton continue to represent them in the SEC investigation and the other matters in which they are involved was amply justified, and the applications were granted to that extent. Hearing no objection from any party present at the conference, the Court also found that fairness, practical considerations, and the

debtors' best interests required that the debtors be permitted to pay the ongoing defense costs of the nonmanagement directors subject to the conditions set forth in the corporate by-laws and in the applicable provisions of Delaware corporation law.

The concern over the potential conflict of interest remained unresolved, but the Court permitted Debevoise to continue to represent the nonmanagement directors pending a final decision on the matter. Certain of the parties, including the creditors' committee for Baldwin-United, have joined in the Court's misgivings by way of filing objections to the dual representation. Debevoise has attempted to allay these misgivings by reiterating that *at present,* the *Stoller* defendants have a common interest in their defense of the class actions.

While we agree with this contention, we are forced to conclude that the applications for the employment of Debevoise should be denied as to their representation of the nonmanagement defendants.

Putting aside the admonition of Ethical Consideration 5–15 of the Code of Professional Responsibility regarding the representation of multiple clients in litigation, we believe that the Bankruptcy Code, as well as important practical considerations, require this result.

Section 327(a) states that the trustee (or debtor-in-possession) may employ only those professional persons who do not have an "adverse interest" to the estate and who are "disinterested." Section 101(13) defines "disinterested person" as one who among other things:

> does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or an investment banker ... or for any other reason.

An overly-rigid, mechanical application of the standards set forth in these two sections would serve no one's best interest, particularly in cases of this magnitude. However, in judging each situation on its own facts, we cannot ignore the lofty purpose of the rule, which "is to prevent even the emergence of a conflict irrespective of the integrity of the person under consideration." 2 *Collier on Bankruptcy* ¶ 327.-03(f), p. 327–17–327–18 (15th Ed. 1983); *see also In re Sambo's Restaurants, Inc.,* 20 B.R. 295, 297 (Bankr.C.D.Ca.1982).

Citing considerations of cost and efficiency, Debevoise urges that we should wait until an actual conflict develops before addressing this problem. We disagree, at least in this particular instance. Indeed, we believe that lower costs and greater judicial efficiency will be promoted by addressing this problem now. If Debevoise encounters a conflict later in the *Stoller* case, new counsel will be required to expend considerable time (and considerable quantities of the debtors' money) in educating itself about the history and prior proceedings of the case.

Furthermore, by addressing the problem on a prospective rather than retrospective basis, the Court and parties will avoid the protracted, expensive and difficult proceedings which have occurred in cases where the conflict issue was raised late in the bankruptcy proceedings. *See, e.g., In re King Resources Co.,* 20 B.R. 191 (D.Colo. 1982); *In re Chou-Chen Chemicals, Inc.,* 31 B.R. 842, 10 B.C.D. 1103 (Bankr.W.D. Ky.1983)

For all of the reasons stated above, the applications for orders authorizing employment of Debevoise & Plimpton are DENIED insofar as they seek authority to hire such firm to represent the nonmanagement directors in *Stoller et al. v. Baldwin-United Corporation, et al.* Pursuant to this Court's order of October 17, 1983, the applications are otherwise GRANTED in their entirety.

IT IS SO ORDERED.